IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARDO MONTOYA BARAJAS, YADIRA YESENIA ZAVALA IBARRÍA, VÍCTOR HUGO CORCHADO, AGUSTÍN MAGALLANES PAZ, YURI DISRAILI CAMACHO VEGA, AND GERARDO CONTRERAS INDA, ALL INDIVIDUALS, ON BEHALF OF THEMSELVES,<br><br>          Plaintiffs,<br><br>   v.<br><br>EDGAR VEYTIA,<br><br>          Defendant. | Civil Case No. 1:25-cv-00530-TJK |

**JOINT MEET AND CONFER REPORT**

Pursuant to the Court's Minute Order dated May 6, 2025, Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, the Parties, through their respective undersigned counsel, submit this Joint Meet and Confer Report following their meet and confer conference conducted on May 19, 2025.

**Statement of the Case and Statutory Basis of Jurisdiction**

Plaintiffs, Gerardo Montoya Barajas, Yadira Yesenia Zavala Ibarria, Victor Hugo Corchado, Augustin Magallanes Paz, Yuri Disraili Camacho Vega, and Gerardo Contreras Inda (collectively, "Plaintiffs") bring this case against Edgar Veytia ("Defendant"). Plaintiffs allege that Defendant, while acting under color of law and foreign official authority, engaged in actions constituting torture under the Torture Victim Protection Act, 28 U.S.C. § 1350 note. Defendant denies Plaintiffs' allegations and refers the Court to their filed Answers and Affirmative Defenses to Plaintiffs' Complaint.

1

The statutory basis of the Court's jurisdiction is 28 U.S.C. § 1331 and 28 U.S.C. § 1350, which provides district courts with jurisdiction to address claims based on acts of torture committed by an individual acting under actual or apparent authority or color of law, of any foreign nation.

### **Local Rule 16.3 Matters**

1. **Likelihood of Disposition by Dispositive Motions (Local Civil Rule 16.3(c)(1)):**

Plaintiffs reserve the right to file a motion for summary judgment or motion for judgment on the pleadings.

2. **Amendment of Pleadings, Joinder, Narrowing Issues (Local Civil Rule 16.3(c)(2)):** Defendant consents to Plaintiffs filing an amended Complaint and Plaintiffs will do so, if necessary, on or before July 1, 2025.

3. **Assignment to Magistrate Judge (Local Civil Rule 16.3(c)(3)):** The Parties do not agree to assign this case to a magistrate judge for the purposes of trial.

4. **Possibility of Settlement (Local Civil Rule 16.3(c)(4)):** Plaintiffs and Defendant have not participated in formal settlement discussions. Plaintiffs and Defendant remain open to the possibility of meaningful settlement discussions in the future.

5. **Benefit from Alternative Dispute Resolution Procedures (Local Civil Rule 16.3(c)(5)):** The Parties do not see a benefit to participating in the Court's ADR procedures at this time.

6. **Resolution by Summary Judgment or Motion to Dismiss (Local Civil Rule 16.3(c)(6)):** Plaintiffs intend to file a motion for judgment on the pleadings and, if necessary a motion for summary judgment.

The Parties propose the following briefing schedule for motions for summary judgment:

- Deadline to File Motions for Summary Judgment: 30 days after the close of fact and expert discovery

- Deadline to File Oppositions to Dispositive Motions: 30 days after motion
- Deadline to File Replies in Support of Dispositive Motions: 14 days after opposition
- Proposed Date for Decision: 30 days after completion of briefing

**7.     Stipulations Regarding Initial Disclosures (Local Civil Rule 16.3(c)(7); Federal Rule of Civil Procedure 26(f)(3)(A))**: The Parties have consented to dispense with the initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

**8.     Discovery (Local Civil Rule 16.3(c)(8); Federal Rule of Civil Procedure 26(f)(3)(B), (E))**: The Parties agree that the Federal Rules of Civil Procedure and Local Rules of this Court govern the proper limits on discovery, without the need for any modifications. The Parties agree that the date of completion of all discovery will be December 12, 2025.

The Parties also agree that a protective order governing the disclosure and treatment of sensitive information related to Plaintiffs will be necessary and will submit a motion for entry of an agreed protective order by June 30, 2025, if the Parties are able to reach agreement regarding its terms. In the event the Parties are unable to jointly agree to an appropriate protective order, any party may move the Court for entry of a protective order.

**9.     ESI Protocols (Local Civil Rule 16.3(c)(9); Federal Rule of Civil Procedure 26(f)(3)(C))**: The Parties agree that the exchange of discovery in this case will include electronically stored information ("ESI") and have been advised by their respective counsel to preserve all relevant, reasonably accessible ESI. The Parties will meet and confer at a later date to establish a reasonable ESI search and production protocol.

**10.    Privilege (Local Civil Rule 16.3(c)(10); Federal Rule of Civil Procedure 26(f)(3)(D))**: The Parties do not anticipate any issues with regard to privileged matters; however, any such issues should be addressed on a case-by-case basis in accordance with applicable rules.

All Parties agree to produce a privilege log in the event they assert claims of privilege in response to any discovery request for privileged documents.

11. **Expert Witnesses (Local Civil Rule 16.3(c)(11)):** The Parties agree that the Federal Rules of Civil Procedure and Local Rules of this Court govern the proper limits on expert witnesses, without the need for any modifications.

12. **Class Actions (Local Civil Rule 16.3(c)(12)):** The Parties agree this is not applicable.

13. **Bifurcation of Trial or Discovery (Local Civil Rule 16.3(c)(13)):** The Parties agree that this is not applicable.

14. **Pretrial Conference (Local Civil Rule 16.3(c)(14)):** The Parties agree that a pretrial conference should be scheduled on February 13, 2026, following the resolution of any motions filed with the Court.

15. **Firm Trial Date (Local Civil Rule 16.3(c)(15)):** The Parties agree that no firm trial date should be set at this time. Instead, the Parties agree that a trial date should be set at the pretrial conference.

16. **Other Matters (Local Civil Rule 16.3(c)(16)):** The Parties agree that there are no other matters appropriate for inclusion in this scheduling order.

Dated: May 29, 2025                                          Respectfully submitted,

                                                                             /s/ Graham Cronogue
                                                                             Graham Cronogue (Bar No. 104436)
                                                                             Ashley Calcagno (Bar No. 90029279)
                                                                             Aeryka Fausett (Bar No. 90027491)
                                                                             BAKER McKENZIE LLP
                                                                             815 Connecticut Avenue, NW
                                                                             Washington, DC 20006
                                                                             Tel: (202) 452-7000
                                                                             Fax: (202) 416-7055

|   |   |
|---|---|
|   | Scott H. Frewing, (*pro hac vice* forthcoming)<br>BAKER & McKENZIE LLP<br>660 Hansen Way<br>Palo Alto, CA 94304-1044<br>Telephone: +1 650 856 2400<br>Facsimile: +1 650 856 9299<br>scott.frewing@bakermckenzie.com<br><br>Paul L. Hoffman, (*pro hac vice* forthcoming)<br>Melanie Partow, (*pro hac vice* forthcoming)<br>U.C. Irvine School of Law<br>Civil Rights Litigation Clinic<br>P.O. Box 5479<br>Irvine, CA 92616-5479<br>Telephone: +1 310 717 7373<br>hoffpaul@aol.com<br>melaniepartow@gmail.com<br><br>*Attorneys for Plaintiffs* |
| Dated: May 29, 2025 | SCHACHT LAW<br><br> */s/ Alexei Schacht*<br>Alexei Schacht (Bar No. TX0052)<br>Attorney at Law<br>123 West 94th St.<br>New York, New York 10025<br>(646) 729-8180<br><br>*Attorney for Defendant Edgar Veytia* |

5